## O'Connor v. Goodman

---

*Margaret A. O'Connor,* in properia persona.
*Keith N. Leonard,* for defendants.

WRIGHT, *J.,* August 23, 1985—This matter is before the court by virtue of appellees' preliminary objection-motion to quash appellant's appeal from a district justice decision. The pertinent facts are as follows:

Appellant initially sued both appellees in district court seeking to recover her security deposit wrongfully withheld at the expiration of her lease term with appellees. Appellant also sought the interest the funds would have earned, plus punitive damages. On November 16, 1984, the district justice rendered judgment in favor of appellant for the principle amount of the security deposit, $346.26. On December 6, 1984 appellees sent appellant a check in the amount of the judgment, which check appellant deposited in an escrow account. Appellant filed an appeal from the district justice's decision on December 17, 1984. Appellant then alleges that on January 7, 1985 she attempted to file her complaint by sending it by first class mail to the office of judicial support and also served appellees notice of appeal by mail. The complaint was not docketed until nearly two weeks later. Appellees had knowledge that as of January 11, 1985 the complaint wasn't docketed. Appellees filed these preliminary objections subsequent to the complaint being docketed.

Appellees base their preliminary objections in the nature of a motion to quash (strike) appellant's appeal upon two lines of legal reasoning:

"(a) Appellant failed to follow the designated procedure required for filing her appeal.

(b) Appellant by depositing the check sent to her by appellee for the amount of the initial judgment estops appellant from taking an appeal."

The procedural steps one must follow in appealing a judgment rendered by a district justice are well-defined, as is the remedy available to appellee to strike the appeal if appellant does not comply with the Pa.R.C.P.D.J.

Appellees are correct in that failure to comply with these rules is grounds for striking the appeal as stated by Pa.R.C.P.D.J. 1006 as follows:

"Upon failure of appellant to comply with Rule 1004(A) or Rule 1005(B), the prothonotary shall, upon praecipe of appellee, mark the appeal stricken."

Appellant did violate the stated procedure for appeal in this matter. Appellant failed to file her complaint within 20 days of her notice of appeal as per Pa.R.C.P.D.J. 1004(A). Also appellant failed to serve notice of the appeal on appellees within five days of her notice of appeal as per Pa.R.C.P.D.J. 1005(B).

However, an appeal will be stricken for violation of the Pa.R.C.P.D.J. by the prothonotary, upon praecipe of appellee. In this case appellee, did not file a praecipe with the prothonotary. Appellee has filed a motion to quash the appeal, after appellant's complaint was filed.

In the case of Homemakers Loan & Discount Company v. Rowe, 4 D. & C. 3d 167 (1977), appellee had used the proper method of striking the appeal, by filing a praecipe with the prothonotary. However, in that case appellee did not file a praecipe until after the complaint had been filed. Al-

though the complaint was not filed within the 20-day limit, the appeal was not stricken because the praecipe was untimely. In the case at bar the method used was improper and also untimely.

Had the prothonotary, upon praecipe of appellees, entered a judgment of non-pros against appellant, prior to appellant's filing of her complaint, appellees would be entitled to have the appeal stricken. "The entry of non-pros is not automatic upon the running of the 20-day time period. The filing of a praecipe by defendant (appellee) is a condition precedent to an entry of non-pros under this rule." Homemakers Loan & Discount Company v. Rowe, supra. Therefore appellees objections as to the Pa.R.C.P.D.J. must fail.

Appellees next raise the issue of accord and satisfaction. The two cases appellees cite in their memorandum of law differ from the case at bar. It is the position of this court that acceptance of a check, with a notation on the back that acceptance is in full satisfaction, will satisfy the claim. Walther v. Diversified Handling Systems, Inc., 67 Del. Co. Rep. 410 (1980). However, in the case at bar there was neither a notation or endorsement on the check that it was being received in full payment. Because there was not a notation stating this, appellant was not put on notice that the check must be accepted in full satisfaction or not at all. Therefore, appellees' claim of accord and satisfaction must fail.

Also, since it has been admitted that the deposit was withheld for two years, the appropriateness of the punitive damages claim will be left for the finder of fact to consider.

Appellees' request for counsel fees should be denied.

We therefore enter the following

ORDER

And now, this August 23, 1985, it is ordered that the rule to show cause why plaintiff's action should not be dismissed and counsel fees be awarded to defendants is hereby discharged and defendants' petition is dismissed.